RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

BORIS BOURGET
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-2182 (v)
202-307-0054 (f)
Boris.Bourget@usdoj.gov

Of Counsel:
JOSEPH H. HARRINGTON
United States Attorney

*Attorneys for the United States*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 2:18-cv-296 |
| Plaintiff, | ) |
| | ) **COMPLAINT** |
| v. | ) |
| | ) |
| CARRIE GAGE, individually, and as the | ) |
| representative of the ESTATE OF GARY | ) |
| G. GAGE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

The United States of America hereby complains and alleges as follows:

## INTRODUCTION

1. This is a civil action by the United States to reduce to judgment federal tax assessments against the Estate of Gary G. Gage ("the Estate") for the tax years 2004 through 2008 and to reduce to judgment federal tax assessments against Carrie Gage ("Mrs. Gage") for the tax years 2004 through 2006.

2. Gary G. Gage ("Mr. Gage") and Mrs. Gage were married until Mr. Gage's death

3. Mr. and Mrs. Gage have a history of raising frivolous arguments to contest their income tax liability and have failed to file income tax returns or voluntarily pay any tax since 2004.

4. Gary G. Gage passed away in March, 2018.

5. The United States has also filed a petition for judicial approval of a levy upon the principal residence of Mr. Gage and Mrs. Gage. *See generally United States v. Gage*, 2:16-cv-00261-SAB, ECF No. 1. A hearing on the United States' petition is presently set for October 30, 2018, at 2:15 p.m.

## JURISDICTION AND VENUE

6. This action is commenced pursuant to 26 U.S.C. §§ 7401 and 7403(a) at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service ("IRS"), a duly authorized delegate of the Secretary of the Treasury.

7.  The Court has jurisdiction over this action pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340 and 1345.

8.  Venue is proper in the Eastern District of Washington under 28 U.S.C. §§ 1391(b) and 1396 because the tax liabilities at issue accrued in this district.

## DEFENDANTS

9.  The Estate of Gary G. Gage is named as a defendant because it has unpaid federal tax liabilities for which the United States seeks a judgment.

10. Carrie Gage is named as a defendant because she has unpaid federal tax liabilities for which the United States seeks a judgment.

## FEDERAL TAX LIABILITIES AND LIENS

11. The IRS, a duly authorized delegate of the Secretary of the Treasury, timely assessed federal income taxes (Form 1040), penalties, and interest against Mr. Gage as follows:

| Tax Year | Assessment Date | Assessment Amount | | Unpaid Balance as of 1/28/16 |
|---|---|---|---|---|
| 2004 | 10/6/2008 | Income Tax Assessed: | $9,071.00 | $9,363.42 |
|  | 10/6/2008 | Failure to Pay Penalty: | $259.95 |  |
|  | 10/6/2008 | Late Filing Penalty: | $2,040.98 |  |
|  | 10/6/2008 | Interest: | $3,101.28 |  |
|  | 10/6/2008 | Late Payment Penalty: | $1,904.91 |  |
|  | 7/6/2009 | Fees and Collection Costs: | $84.00 |  |
|  | 10/25/2010 | Late Payment Penalty: | $362.83 |  |
|  | 11/25/2013 | Interest: | $2,530.89 |  |
|  | 11/24/2014 | Interest: | $266.66 |  |
| 2005 | 10/6/2008 | Income Tax Assessed: | $27,940.00 | $62,937.49 |
|  | 10/6/2008 | Failure to Pay Penalty: | $1,120.72 |  |

| Tax Year | Assessment Date | Assessment Amount | | Unpaid Balance as of 1/28/16 |
|---|---|---|---|---|
|  | 10/6/2008 | Late Filing Penalty: | $6,286.50 |  |
|  | 10/6/2008 | Interest: | $6,781.21 |  |
|  | 10/6/2008 | Late Payment Penalty: | $4,191.00 |  |
|  | 10/25/2010 | Late Payment Penalty: | $2,794.00 |  |
|  | 11/25/2013 | Interest: | $9,906.44 |  |
|  | 11/24/2014 | Interest: | $1,792.35 |  |
| 2006 | 10/6/2008 | Income Tax Assessed: | $27,473.00 | $58,067.68 |
|  | 10/6/2008 | Failure to Pay Penalty: | $1,300.12 |  |
|  | 10/6/2008 | Late Filing Penalty: | $6,181.43 |  |
|  | 10/6/2008 | Interest: | $3,645.65 |  |
|  | 10/6/2008 | Late Payment Penalty: | $2,472.57 |  |
|  | 10/25/2010 | Late Payment Penalty: | $4,395.67 |  |
|  | 11/25/2013 | Interest: | $8,984.76 |  |
|  | 11/24/2014 | Interest: | $1,653.66 |  |
| 2007 | 10/11/2010 | Income Tax Assessed: | $77,240.00 | $149,408.33 |
|  | 10/11/2010 | Failure to Pay Penalty: | $3,479.71 |  |
|  | 10/11/2010 | Late Filing Penalty: | $17,220.15 |  |
|  | 10/11/2010 | Interest: | $11,288.56 |  |
|  | 10/11/2010 | Late Payment Penalty: | $11,480.10 |  |
|  | 4/4/2011 | Fees and Collection Costs: | $170.00 |  |
| 2008 | 11/21/2011 | Income Tax Assessed: | $71,620.00 | $131,517.97 |
|  | 11/21/2011 | Failure to Pay Penalty: | $2,282.62 |  |
|  | 11/21/2011 | Late Filing Penalty: | $15,994.80 |  |
|  | 11/21/2011 | Interest: | $9,179.17 |  |
|  | 11/21/2011 | Late Payment Penalty: | $11,374.08 |  |
|  | 1/2/2012 | Fees and Collection Costs: | $124.00 |  |
|  | 2/6/2012 | Fees and Collection Costs: | $46.00 |  |
|  | 11/25/2013 | Interest: | $6,844.90 |  |
|  | 11/25/2013 | Failure to Pay Penalty: | $6,397.92 |  |
|  | 11/24/2014 | Interest: | $3,745.40 |  |
|  |  | **TOTAL:** |  | $411,294.89 |

12. The IRS, a duly authorized delegate of the Secretary of the Treasury, timely assessed federal income taxes (Form 1040), penalties, and interest against Mrs. Gage as follows:

| Tax Year | Assessment Date | Assessment Amount | | Unpaid Balance as of 1/18/2016 |
|---|---|---|---|---|
| 2004 | 12/08/2008 | Income Tax Assessed: | $2,399.00 | $1,812.49 |
| | 12/08/2008 | Failure to Pay Penalty: | $68.74 | |
| | 12/08/2008 | Late Filing Penalty: | $539.78 | |
| | 12/08/2008 | Interest: | $859.22 | |
| | 12/08/2008 | Late Payment Penalty: | $527.78 | |
| | 3/21/2011 | Fees and Collection Costs: | $170.00 | |
| | 10/15/2012 | Late Payment Penalty: | $71.96 | |
| | 10/21/2013 | Interest: | $852.65 | |
| | 10/20/2014 | Interest: | $124.82 | |
| 2005 | 12/08/2008 | Income Tax Assessed: | $14,977.00 | 33,612.46 |
| | 12/08/2008 | Failure to Pay Penalty: | $600.76 | |
| | 12/08/2008 | Late Filing Penalty: | $3,369.83 | |
| | 12/08/2008 | Interest: | $3,863.19 | |
| | 12/08/2008 | Late Payment Penalty: | $2,396.32 | |
| | 10/15/2012 | Late Payment Penalty: | $1,347.92 | |
| | 10/21/2013 | Interest: | $4,874.65 | |
| | 10/20/2014 | Interest: | $954.47 | |
| 2006 | 12/08/2008 | Income Tax Assessed: | 14,365.00 | $30,187.84 |
| | 12/08/2008 | Failure to Pay Penalty: | 679.79 | |
| | 12/08/2008 | Late Filing Penalty: | 3,232.13 | |
| | 12/08/2008 | Interest: | 2,108.68 | |
| | 12/08/2008 | Late Payment Penalty: | 1,436.50 | |
| | 10/15/2012 | Late Payment Penalty: | 2,154.74 | |
| | 10/21/2013 | Interest: | 4,250.61 | |
| | 10/20/2014 | Interest: | 857.23 | |
| | | | **TOTAL**: | $65,612.79 |

13.    Since the dates of assessments described in paragraphs 12 and 13 above, interest and other statutory additions have accrued and will continue to accrue as provided by law.  As of January 28, 2018, the Estate owes $411,294.89 in federal income tax liabilities, and as of January 18, 2018, Mrs. Gage owes $65,612.79 in federal income tax liabilities.

14. Despite timely notice and demand for payment of the assessed sums described in paragraphs 12 and 13 above, the Estate and Mrs. Gage have refused or neglected to pay the assessed amounts to the United States. Therefore, pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens arose in favor of the United States upon all property and rights to property belonging to the Estate and Mrs. Gage as of the date of each assessment.

15. In order to provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS recorded the following Notices of Federal Tax Lien ("NFTL") naming Mr. Gage as the taxpayer:

| Location of Filing | Kind of Tax | Tax Years | Filing Date |
| --- | --- | --- | --- |
| Spokane County | 1040 | 2004, 2005, 2006 | 6/19/2009 |
| Spokane County | 1040 | 2007 | 3/14/2011 |
| Spokane County | 1040 | 2008 | 12/12/2011 |

16. In order to provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS recorded the following NFTLs naming Mrs. Gage as the taxpayer:

| Location of Filing | Kind of Tax | Tax Years | Filing Date |
| --- | --- | --- | --- |
| Spokane County | 1040 | 2004, 2005, 2006 | 2/28/2011 |

## COUNT 1
### Reduce to Judgment Unpaid Federal Tax Assessments Against the Estate of Gary G. Gage for Tax Years 2004 – 2008

17. The United States incorporates the allegations stated in paragraphs 1 to 17, above, as if fully set forth here.

18. The IRS timely assessed federal income taxes, interest, and penalties against Mr. Gage for tax years 2004 through 2008, as described in paragraph 12.

19. Despite timely notice and demand for payment of the assessments set forth in paragraph 12, the Estate has neglected, failed, or refused to pay the assessed amounts to the United States.

20. Accordingly, the United States has established a claim against the Estate for unpaid federal income tax liabilities in the amount of $411,294.89 as of January 28, 2016, plus interest and other statutory additions accruing thereafter.

21. Under 26 U.S.C. § 7402(a), the United States is entitled to judgment against the Estate for the unpaid balance of the assessments for tax years 2004 through 2008 described in paragraph 12, *i.e.*, $411,294.89 as of January 28, 2016, plus interest and other statutory additions accruing to the date of payment.

## COUNT 2
### Reduce to Judgment Unpaid Federal Tax Assessments Against Carrie Gagefor Tax Years 2004 – 2006

22. The United States incorporates the allegations stated in paragraphs 1 to 21.

23.     The IRS timely assessed federal income taxes, interest, and penalties against Mrs. Gage for tax years 2004 through 2006, as described in paragraph 13.

24.     Despite timely notice and demand for payment of the assessments set forth in paragraph 12, Mrs. Gage has neglected, failed, or refused to pay the assessed amounts to the United States.

25.     Accordingly, the United States has established a claim against Mrs. Gage for unpaid federal income tax liabilities in the amount of $65,612.79 as of January 18, 2016, plus interest and other statutory additions accruing thereafter.

26.     Under 26 U.S.C. § 7402(a), the United States is entitled to judgment against Mrs. Gage for the unpaid balance of the assessments for tax years 2004 through 2006 described in paragraph 13, *i.e.*, $65,612.79 as of January 18, 2016, plus interest and other statutory additions accruing to the date of payment.

**WHEREFORE**, the United States prays as follows:

A.      That the Court determine and adjudge that Defendant Estate of Gary G. Gage is indebted to the United States on the assessments described in paragraph 12, above, in the amount of $411,294.89, plus interest and other statutory additions accruing from January 28, 2016 as provided by law, or in such amount as the Court determines, and that judgment in that amount be entered against the Estate of Gary G. Gage and in favor of the United States;

B.  That the Court determine and adjudge that Defendant Carrie Gage is indebted to the United States on the assessments described in paragraph 13, above, in the amount of $65,612.79, plus interest and other statutory additions accruing from January 18, 2016 as provided by law, or in such amount as the Court determines, and that judgment in that amount be entered against Carrie Gage and in favor of the United States; and

C.  That the United States be granted any other relief as is just and proper.

DATE: September 21, 2018

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General


*s/ Boris Bourget*
BORIS BOURGET
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-307-2182 (v)
202-307-0054 (f)
Boris.Bourget@usdoj.gov

Of Counsel:

JOSEPH H. HARRINGTON
United States Attorney

*Attorneys for the United States*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

### DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____